PETER C. DeGOLIA State Bar No. 113103
JEFFREY S. LYONS State Bar No. 227277
CLEMENT, FITZPATRICK & KENWORTHY PC
3333 Mendocino Avenue, Suite 200
Santa Rosa, California 95403-2261
Telephone: (707) 523-1181   FAX: (707) 546-1360
E-Mail: pdegolia@cfk.com

Attorneys for Defendants
Martha's Old Mexico; Peter R. Barbieri and Judith A. Barbieri,
as trustees of the Peter R. Barbieri and Judith A. Barbieri Family Trust;
Martha Leticia Lopez and Elvia Lobato, individuals dba Martha's Old Mexico

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MARTHA'S OLD MEXICO; PETER R. BARBIERI and JUDITH A. BARBIERI, as trustees of the PETER R. BARBIERI and JUDITH A. BARBIERI FAMILY TRUST; MARTHA LETICIA LOPEZ and ELVIA LOBATO, individuals dba MARTHA'S OLD MEXICO,<br><br>Defendants.<br>_____/ | CASE NO.:   CV 08 1403 MEJ<br><br>Civil Rights<br><br><br><br>**ANSWER TO COMPLAINT** |

Comes now MARTHA'S OLD MEXICO; PETER R. BARBIERI and JUDITH A. BARBIERI, as trustees of the PETER R. BARBIERI and JUDITH A. BARBIERI FAMILY TRUST; MARTHA LETICIA LOPEZ and ELVIA LOBATO, individuals dba MARTHA'S OLD MEXICO, and answer the complaint of plaintiffs IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a public benefit corporation, as follows:

/////

1.      In answering paragraph 1 of the complaint, to the extent that paragraph 1 of the complaint calls for a legal conclusion, no response is required. The cited statutes speak for themselves. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph, and on that basis, deny the remainder of the allegations contained therein.

2.      In answering paragraph 2 of the complaint, it calls for a legal conclusion to which no response is required. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, such remaining allegations are denied.

3.      In answering paragraph 3 of the complaint, the cited statutes speak for themselves. To the extent that it calls for a legal conclusion, no answer is required.

4.      In answering paragraph 4 of the complaint, the cited statutes speak for themselves. To the extent that it calls for a legal conclusion, no answer is required.

5.      In answering paragraph 5 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein. The cited statutes speak for themselves.

6.      In answering paragraph 6 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

7.      In answering paragraph 7 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

8.      In answering paragraph 8 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein, except defendants PETER R. BARBIERI and JUDITH A. BARBIERI, as trustees of the PETER R. BARBIERI and JUDITH A. BARBIERI FAMILY TRUST admit that they own the premises located at, 305 North Main Street, Sebastopol, California; and defendants MARTHA LETICIA

LOPEZ and ELVIA LOBATO admit that they lease the premises located at 305 North Main Street, Sebastopol, California and conduct the business know as MARTHA'S OLD MEXICO.

9. In answering paragraph 9 of the complaint, it calls for a legal conclusion to which no response is required, and defendants therefore deny each and every allegation contained therein, except for the cited statutes, which speak for themselves.

10. In answering paragraph 10 of the complaint, the cited statutes speak for themselves. The remainder of the paragraph calls for a legal conclusion to which no response is required, and defendants deny each and every allegation contained therein.

11. In answering paragraph 11 of the complaint, these answering defendants admit that Martha's Old Mexico is a restaurant and is located at 305 North Main Street, Sebastopol. The cited regulation speaks for itself. To the extent that this paragraph calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

12. In answering paragraph 12 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

13. In answering paragraph 13 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

14. In answering paragraph 14 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

15. In answering paragraph 15 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

/////

16. In answering paragraph 16 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

17. In answering paragraph 17 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

18. In answering paragraph 18 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

19. In answering paragraph 19 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

20. In answering paragraph 20 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

21. In answering paragraph 21 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

22. In answering paragraph 22 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

23. In answering paragraph 23 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

/////

24. In answering paragraph 24 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

25. In answering paragraph 25 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

26. In answering paragraph 26 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

27. In answering paragraph 27 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

28. In answering paragraph 28 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

29. In answering paragraph 29 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

30. In answering paragraph 30 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

31. In answering paragraph 31 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

32. In answering paragraph 32 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

33. In answering paragraph 33 of the complaint, these answering defendants admit that the complaint requests injunctive relief.

34. In answering paragraph 34 of the complaint, to the extent that it calls for a legal conclusion, no answer is required. These answering defendants admit that the complaint requests monetary damages. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except for the cited statutes, which speak for themselves.

35. In answering paragraph 35 of the complaint, it calls for a legal conclusion to which no response is required, and these answering defendants therefore deny each and every allegation contained therein.

36. In answering paragraph 36 of the complaint, to the extent that it calls for a legal conclusion, no answer is required. These answering defendants admit that the complaint seeks an order from this court. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except for the cited statutes, which speak for themselves.

37. In answering paragraph 37 of the complaint, to the extent that it calls for a legal conclusion, no answer is required. These answering defendants admit that the complaint seeks an order from this court. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except for the cited statutes, which speak for themselves.

38. In answering paragraph 38 of the complaint, to the extent that it calls for a legal conclusion, no answer is required. These answering defendants admit that the complaint seeks an

order from this court. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except for the cited statutes, which speak for themselves.

39. In answering paragraph 39 of the complaint, to the extent that it calls for a legal conclusion, no answer is required. These answering defendants admit that the complaint seeks an order from this court. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except for the cited statutes, which speak for themselves.

40. In answering paragraph 40 of the complaint, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny them.

41. In answering paragraph 41 of the complaint, these answering defendants repeat and reallege each of their responses to paragraphs 1 through 40, as though fully set forth herein.

42. In answering paragraph 42 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

43. In answering paragraph 43 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

44. In answering paragraph 44 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

45. In answering paragraph 45 of the complaint, these answering defendants responds that the cited statutes speak for themselves.

46. In answering paragraph 46 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

47.　In answering paragraph 47 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

48.　In answering paragraph 48 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

49.　In answering paragraph 49 of the complaint, to the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

50.　In answering paragraph 50 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

51.　In answering paragraph 51 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

52.　In answering paragraph 52 of the complaint, the cited statutes speak for themselves. These answering defendants admit that the complaint the seeks relief from this court. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining

allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

53. In answering paragraph 53 of the complaint, these answering defendants repeats and realleges each of their responses to paragraphs 1 through 52 as though fully set forth herein.

54. In answering paragraph 54 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required.

55. In answering paragraph 55 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

56. In answering paragraph 56 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

57. In answering paragraph 57 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

58. In answering paragraph 58 of the complaint, to the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation therein.

59. In answering paragraph 59 of the complaint, to the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation therein.

60. In answering paragraph 60 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein.

61. In answering paragraph 61 of the complaint, to the extent that it calls for a legal conclusion, no response is required. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except defendants admit that plaintiffs' complaint seeks recovery of damages.

62. In answering paragraph 62 of the complaint, the cited statutes speak for themselves. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except defendants admit that plaintiffs' complaint seeks recovery of attorneys' fees.

63. There is no paragraph 63 contained in the complaint.

64. In answering paragraph 64 of the complaint, these answering defendants repeat and reallege each of their responses to paragraphs 1 through 63 as though fully set forth herein.

65. In answering paragraph 65 of the complaint, these answering defendants respond that this paragraph contains no allegations and the cited statutes speak for themselves.

66. In answering paragraph 66 of the complaint, the cited statutes speak for themselves. The remainder of the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

67. In answering paragraph 67 of the complaint, the cited statutes speak for themselves. To the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

68. In answering paragraph 68 of the complaint, the paragraph calls for a legal conclusion, no response is required.

69. In answering paragraph 69 of the complaint, to the extent that said paragraph calls for a legal conclusion, no response is required. As to the remaining allegations in said paragraph, these answering defendants are without sufficient knowledge or information to form a belief as to

the truth of such allegations, and on that basis, deny each and every remaining allegation contained therein.

70.   In answering paragraph 70 of the complaint, the cited statutes speak for themselves. These answering defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, deny each and every remaining allegation contained therein, except defendants admit that plaintiffs' complaint seeks recovery of attorneys' fees.

71.   In answering paragraph 71 of the complaint, these answering defendants respond that this paragraph contains no allegations, defendants admit that plaintiffs' complaint seeks injunctive relief.

72.   In answering paragraph 72 of the complaint, these answering defendants repeat and reallege each of their responses to paragraphs 1 through 71 as though fully set forth herein.

73.   In answering paragraph 73 of the complaint, the cited statute speaks for itself. The remainder of the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

74.   In answering paragraph 74 of the complaint, the cited statute speaks for itself. The remainder of the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

75.   In answering paragraph 75 of the complaint, the cited statutes speak for themselves. The remainder of the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

76.   In answering paragraph 76 of the complaint, the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

77.   In answering paragraph 77 of the complaint, the paragraph calls for a legal conclusion to which no response is required, and on that basis defendants deny each and every allegation contained therein.

/////

CV 08 1403 MEJ                                                                                                                           11

In answering this complaint, these answering defendants respond to plaintiffs' prayer for relief, and deny that plaintiffs have been injured or damaged in any manner set forth therein, or an any other manner, whatsoever, and deny that plaintiffs are entitled to the elements of relief, damages, and remedies requested therein.

Defendants set forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff Disability Rights, Enforcement, Education, Services: Helping You Help Others lacks standing to bring the above claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have demanded modifications to defendant's facilities which are either not readily achievable, not required, technically infeasible, would create an undue hardship on defendant, would fundamentally alter the way that defendant provides goods and services to the public, or create a direct threat to the health and safety of the plaintiffs or others.

### THIRD AFFIRMATIVE DEFENSE

At all times herein relevant, defendants have made a good faith effort to comply with all requirements of the ADA, the Unruh Civil Rights Act, Health and Safety Code §19955, *et seq.*, and all other applicable statutes and laws; and defendants have reasonable grounds for believing their actions were in compliance with all applicable statutes.

### FOURTH AFFIRMATIVE DEFENSE

The alterations to and removal of architectural barriers from the subject premises sought by plaintiffs are not readily achievable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert ADA claims with respect to any public establishment plaintiffs failed to visit and suffer discrimination at prior to the filing of the initial complaint. Plaintiffs lack standing with respect to any barriers not encountered and that do not affect plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state sufficient facts upon which relief could be granted.

/////

**SEVENTH AFFIRMATIVE DEFENSE**

Any alleged failure by defendant to alter, repair, or modify the premises in question does not give rise to a claim by plaintiffs under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from any recovery against defendant in that plaintiffs failed to satisfy a preliminary notice, demand or claim requirement prior to commencement of suit.

**WHEREFORE,** these answering defendants prays for judgment as follows:

1. That plaintiffs take nothing by their complaint;
2. For attorneys' fees incurred herein;
3. For costs of suit incurred herein;
4. For such other and further relief as the court may consider proper.

DATED: April 29, 2008         CLEMENT, FITZPATRICK & KENWORTHY

By: S/PETER C. DeGOLIA

Attorneys for Defendants Martha's Old Mexico; Peter R. Barbieri and Judith A. Barbieri, as trustees of the Peter R. Barbieri and Judith A. Barbieri Family Trust; Martha Leticia Lopez and Elvia Lobato, individuals dba Martha's Old Mexico

**PROOF OF SERVICE**

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Clement, Fitzpatrick & Kenworthy, 3333 Mendocino Avenue, Suite 200, Santa Rosa, California 95403.

On April 29, 2008, I served the attached Answer to Complaint on the parties to this action by serving:

Attorneys for:

Thomas E. Frankovich, Esq.                Plaintiffs
THOMAS E. FRANKOVICH, APLC      Telephone: (415) 674-8600
2806 Van Ness Avenue                       Fax: (415) 674-9900
San Francisco, CA 94109

/XX/ **BY U.S. MAIL:** I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Clement, Fitzpatrick & Kenworthy for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/__/ **BY PERSONAL SERVICE:** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

/__/ **BY FACSIMILE:** I caused the said document(s) to be transmitted, pursuant to Rule of Court 2008(e) and Code of Civil Procedure §§1013e, by facsimile machine (which complied with Rule of Court 2003(3) to the above-listed fax number(s). The transmission(s) was reported as completed and without error and was properly issued by the transmitting facsimile machine.

/__/ **BY FEDERAL EXPRESS/OVERNIGHT MAIL:** I caused the above-described document(s) to be served by Federal Express or via overnight delivery to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 29, 2008            S/LISA HOLMBERG